[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
DATE OF SENTENCE: February 3, 1995 CT Page 9223 DATE OF APPLICATION: February 3, 1995 DATE APPLICATION FILED: February 9, 1995 DATE OF DECISION: July 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Windham at Willimantic. Docket No. CR90-70267.
Teri Bayer, Esq., For the Petitioner.
Vincent Dooley, Esq., For the State of Connecticut.
The record shows that the petitioner pled guilty to Violation of Probation in accordance with Conn. Gen. Stat. § 53a-32; one count of Possession of Narcotics in violation of Conn. Gen. Stat. § 21a-279(a) and one count of Assault on a Peace Officer, in violation of Conn. Gen. Stat. § 53a-167c. On the violation of probation he was sentenced to four years; on the possession of narcotics six years execution suspended after one year with five years probation, consecutive to the violation of probation and six years execution suspended after one year, concurrent to the possession of narcotics on the assault charge for a total effective sentence of ten years execution suspended after five years with five years probation.
The petitioner was arrested after the Willimantic police responded to a complaint. The petitioner was observed by an officer putting something in his mouth, when approached by the officer he spat the item into his hand and attempted to throw it away. When the officer attempted to stop him, he was elbowed in the face by the petitioner. Once the item was recovered it turned out to be cocaine.
Counsel for the petitioner claimed that the sentence imposed was excessive and that it should be substantially reduced by the panel. She noted that the petitioner had an Alternative Incarceration Plan prepared for him and the court should have taken into consideration the petitioner's cooperation and granted the AIP in lieu of incarceration. The attorney emphasized that the crime was merely possession of narcotics and that the assault of the police officer was not serious.
The petitioner spoke on his own behalf asking the panel CT Page 9224 to give him a break in that he had a big family and that he was capable of going back to work to support them. He promised not to commit any crimes in the future.
Council for the state pointed out to the panel that the petitioner had two previous narcotics convictions and that he failed to cooperate with the probation department. The state noted the seriousness of striking an officer in that it is classified as a ten year felony. The state urged the panel to affirm the sentence imposed noting that the petitioner has been given all the consideration that he is entitled to.
A review of the sentencing court's remarks indicate a proper emphasis on the petitioner's criminal history and his personal history of substance abuse. This panel finds that the sentencing court weighed all the proper factors required by Practice Book 942. We conclude the sentence to be appropriate and not disproportionate in light of the nature of the crime.
The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J. and Stanley, J. participated in this decision.